FILED

· 2010 JUL 29 ☐ 6: 46

U.S. DISTRICT COURT
HARTFORD, CT.

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,               )
                                        )
     Plaintiff,                        )
                                        )
v.                                      )     Civil Action No.   3:10-cv-281 (RNC)
                                        )
AES THAMES, LLC,                        )
                                        )
     Defendant.                        )
                                        )

## CONSENT DECREE

## TABLE OF CONTENTS

I.      JURISDICTION AND VENUE ............................................. 2

II.     APPLICABILITY .................................................... 2

III.    DEFINITIONS ...................................................... 3

IV.     CIVIL PENALTY ..................................................... 4

V.      COMPLIANCE REQUIREMENTS .......................................... 5

VI.     REPORTING REQUIREMENTS .......................................... 6

VII.    STIPULATED PENALTIES .............................................. 8

VIII.   FORCE MAJEURE .................................................... 11

IX.     DISPUTE RESOLUTION ............................................... 13

X.      EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS .................... 15

XI.     NOTICES .......................................................... 17

XII.    COSTS ........................................................... 18

XIII.   MODIFICATION .................................................... 19

XIV.    INTEGRATION ..................................................... 19

XV.     SIGNATORIES/SERVICE .............................................. 19

XVI.    PUBLIC PARTICIPATION ............................................. 20

XVII.   EFFECTIVE DATE ................................................... 21

XVIII. TERMINATION ..................................................... 21

XIX.    RETENTION OF JURISDICTION ........................................ 22

XX.     FINAL JUDGMENT .................................................. 22

WHEREAS, Plaintiff, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed a Complaint in this action, concurrently with the lodging of this Consent Decree, alleging that Defendant, AES Thames, LLC ("AES Thames") violated regulations and/or permits issued pursuant to the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q, Clean Water Act ("CWA"), 33 U.S.C. §§ 1251-1387, Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675, and Emergency Planning and Community Right-to-Know Act ("EPCRA"), 42 U.S.C. §§ 11001-11050, at AES Thames' coal-fired co-generation facility in Montville, Connecticut (the "Plant");

WHEREAS, AES Thames asserts that it has consistently operated in compliance with its CAA permit limits on boiler steam production;

WHEREAS, the alleged violations of the CWA, CERCLA and EPCRA arise out of two discharges of a chlorinating agent used by AES Thames to treat cooling water discharge that occurred in 2006;

WHEREAS, AES Thames does not admit any liability to the United States arising out of the transactions or occurrences alleged in the Complaint;

WHEREAS, the United States and AES Thames (together, "the Parties") agree, and this Court by entering this Consent Decree finds, that this Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Decree is fair, reasonable, and in the public interest, and;

NOW, THEREFORE, before the taking of any testimony and without the adjudication of any issue of fact or law except as provided in Section I, below, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I. JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter of this action and over the
Parties to this Consent Decree pursuant to: 28 U.S.C. §§ 1331, 1345, and 1355; Section 113(b)
of the CAA, 42 U.S.C. § 7413(b); Section 309(b) of the CWA, 33 U.S.C. § 1319(b); Sections
109(c) and 113(b) of CERCLA, 42 U.S.C. §§ 9609(c) and 9613(b); and Section 325(b) of
EPCRA, 42 U.S.C. § 11045(b).

2.    Venue properly lies in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and
1395(a) and under Section 113(b) of the CAA, 42 U.S.C. § 7413(b), Section 309(b) of the CWA,
33 U.S.C. § 1319(b), Sections 109(c) and 113(b) of CERCLA, 42 U.S.C. §§ 9609(c) & 9613(b)
and Section 325(b) of EPCRA 42 U.S.C. § 11045(b), because AES Thames resides, does
business in, and is located in this judicial district, and because the violations alleged in the
Complaint occurred in this judicial district.  For purposes of this Decree, or any action to enforce
this Decree, AES Thames consents to the Court's jurisdiction over this Decree and over AES
Thames and consents to venue in this judicial district.

3.    For purposes of this Consent Decree, AES Thames agrees that the Complaint
states claims upon which relief may be granted pursuant to Section 113 of the CAA, 42 U.S.C. §
7413, Section 309 of the CWA, 33 U.S.C. § 1319(b), Sections 109(c) and 113(b) of CERCLA,
42 U.S.C. §§ 9609(c) and 9613(b), and Section 325(b) of EPCRA, 42 U.S.C. § 11045(b).

## II. APPLICABILITY

4.    The provisions of this Consent Decree apply to and are binding upon the United
States, on behalf of EPA, and upon AES Thames and any successors, assigns, or other entities or
persons otherwise bound by law.

2

5.      No transfer of ownership or operation of any of the Plant, whether in compliance with the procedures of this Paragraph or otherwise, shall relieve AES Thames of its obligation to ensure that the terms of the Consent Decree are implemented. At least thirty (30) days prior to such transfer, AES Thames shall provide a copy of this Decree to the proposed transferee and shall simultaneously provide written notice of the prospective transfer, together with a copy of the proposed written agreement, to the United States in accordance with Section XI (Notices), below.

6.      AES Thames shall provide a true copy of this Consent Decree to all officers, directors, employees, agents, or contractors whose duties include compliance with any provision of this Decree.

7.      In any action to enforce this Consent Decree, AES Thames shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Decree.

### III.  DEFINITIONS

8.      Terms used in this Consent Decree that are defined in the CAA, CWA, CERCLA, and EPCRA, or in regulations promulgated pursuant to or authorized by the CAA, CWA, CERCLA, and EPCRA, shall have the meanings assigned to them in the CAA, CWA, CERCLA, and EPCRA or such regulations, unless otherwise provided in this Decree. Whenever the terms set forth below are used in this Decree, the following definitions shall apply:

(a)     "Complaint" shall mean the complaint filed by the United States in this action;

(b)     "Consent Decree" or "Decree" shall mean this document and all attachments and appendices hereto;

3

(c)     "Day" or "day" shall mean a calendar day, unless expressly stated to be a Business Day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next Business Day. "Business Day" shall mean Monday through Friday;

(d)     "Effective Date" shall have the definition provided in Section XVII;

(e)     "EPA" shall mean the United States Environmental Protection Agency and any of its successor departments or agencies; and

(f)     "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral;

(g)     "Parties" shall mean the United States, on behalf of EPA, and AES Thames;

(h)     "Provide written notice" shall mean, unless otherwise specified, that information and documents shall be transmitted in accordance with the procedures specified in Section XI (Notices);

(i)     "Section" shall mean a portion of this Consent Decree identified by a Roman numeral; and

(j)     "United States" shall mean the United States of America, acting on behalf of EPA.

## IV.   CIVIL PENALTY

9.      AES Thames shall pay a civil penalty of $140,000 no later than thirty (30) days after the Effective Date of this Consent Decree.

10.     AES Thames shall pay the Civil Penalty by FedWire Electronic Funds Transfer ("EFT") in accordance with written instructions to be provided to AES Thames by the

4

Department of Justice or the U.S. Attorney's Office for the District of Connecticut. At the time of payment, AES Thames shall provide written notice of the payment via facsimile and mail to the United States in accordance with Section XI (Notices) below. The notice shall contain a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter that references the case's civil docket number and DOJ case number 90-5-2-1-0899) and states that the payment is for the case's civil penalty. AES Thames shall also provide this same written notice by e-mail to acctsreceivable.CINWD@epa.gov, and by mail to the U.S. Environmental Protection Agency, Cincinnati Finance Office, 26 Martin Luther King Drive, Cincinnati, OH 45268.

11.    If AES Thames fails to pay the Civil Penalty in full by its due date, AES Thames shall pay interest on the late amount at the rate specified by 28 U.S.C. §1961, and any governmental enforcement expenses incurred to collect the late payment. AES Thames shall also be liable for penalties in accordance with Section VII (Stipulated Penalties) below.

12.    AES Thames shall not deduct any penalties paid under this Consent Decree pursuant to this Section or Section VII (Stipulated Penalties) in calculating its federal, State, or local income tax.

### V.  COMPLIANCE REQUIREMENTS

13.    AES Thames shall comply with the requirements identified below in order to reduce the incidence, duration, and impacts of chemical spills on the Plant's treatment facilities and the environment, and to provide for reporting in accordance with federal, state, and local requirements.

a.    AES Thames shall report any spills of oils and of chemical products and

5

other substances to federal, state, and local officials in accordance with all applicable requirements, including its Spill Prevention Control and Countermeasure Plan ("SPCC"), revised as of September 2009, its Stormwater Pollution Prevention Plan ("SWPP"), revised as of January 2008, its Chemical Handling and Spill Response Protocol, revised as of May 2008, and its Emergency Action Plan safety protocol, revised as of October 2008.

      b.    AES Thames shall conduct its Chemical Handling and Spill Response training program for all new employees within 30 days of hire, and annually for all employees, in accordance with the revised SPCC and revised SWPP. The training shall present the potential impacts of chemical spills, and specifically sodium hypochlorite spills, on the Plant's wastewater treatment facilities and the environment.

      c.    AES Thames shall assess the effectiveness of its Chemical Handling and Spill Response training program by testing those participating in the program to ensure that they are properly trained to handle chemicals and to respond to spills. Testing shall be conducted annually through an on-line course (Environmental Awareness II or a substantially similar course) that includes a test and a completion certificate for participants.

## VI. REPORTING REQUIREMENTS

14.    AES Thames shall submit to EPA Region 1 reports regarding compliance with Paragraph 13, above, on the following dates and including the following information, together with a certification pursuant to Paragraph 17:

      a.    AES Thames shall provide to EPA an Interim Report by April 1, 2010, and a Final Report by October 1, 2010, describing the implementation of the compliance requirements of Paragraph 13.

6

b.　　The reports shall include documentation of: (i) compliance with spill reporting requirements arising from any spill, in accordance with Paragraph 13(a); (ii) implementation of the Chemical Handling and Spill Response training program for new and existing employees, in accordance with Paragraph 13(b); and (iii) an assessment of the effectiveness of its Chemical Handling and Spill Response training program, in accordance with Paragraph 13(c).

15.　　If AES Thames violates, or has reason to believe that it may violate, any requirement of this Decree, AES Thames shall notify the United States of such violation and its likely duration, in writing, within ten (10) Business Days of the day AES Thames first becomes aware of the violation, with an explanation of the violation's likely cause and of the remedial steps taken, or to be taken, to prevent or minimize such violation. If the cause of a violation cannot be fully explained at the time the report is due, AES Thames shall so state in the report. AES Thames shall investigate the cause of the violation and shall then submit an amendment to the report, including a full explanation of the cause of the violation, within thirty (30) days of the day AES Thames becomes aware of the cause of the violation. Nothing in this Paragraph relieves AES Thames of its obligation to provide the notice required by Section VIII (Force Majeure).

16.　　All reports shall be submitted to the persons designated in Section XI (Notices).

17.　　Each report submitted by AES Thames under this Section shall be signed by an official of AES Thames and shall include the certification in Paragraph 52. This certification requirement does not apply to emergency or similar notifications where compliance would be impractical.

7

18.     The reporting requirements of this Section do not relieve AES Thames of any reporting obligations required by any federal, state, or local law, regulation, permit, or other requirement.

19.     Any information provided by AES Thames pursuant to this Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Decree and as otherwise permitted by law.

## VII.  STIPULATED PENALTIES

20.     AES Thames shall be liable for stipulated penalties to the United States for violations of this Consent Decree as specified below, unless excused under Section VIII (Force Majeure). A violation includes failing to perform any obligation required by the terms of this Decree, including any work plan or schedule approved under this Decree, according to all applicable requirements of this Decree and within the specified time schedules established by or approved under this Decree.

21.     Late Payment of Civil Penalty:  If AES Thames fails to timely pay any amount of the Civil Penalty set out in Section IV, AES Thames shall be liable for the unpaid amount and for any interest or other charges as provided in Section IV, and for stipulated penalties as follows:

| Days of Failure to Pay | Penalty Per Day |
| --- | --- |
| 1 to 30 days | $ 1,000 |
| 31 days and beyond | $ 2,000 |

22.     Failure to Perform:  If AES Thames fails to perform any of the requirements set out in this Consent Decree, AES Thames shall be liable for stipulated penalties for each violation of each such requirement, as follows:

| Days of Failure to Perform | Penalty Per Day |
| --- | --- |

8

| 1 to 30 days | $1,000 |
| 31 to 60 days | $2,000 |
| 61 days and beyond | $3,000 |

23.     Failure to Provide Reports: If AES Thames fails to timely provide any

information required pursuant to Section VI, AES Thames shall be liable for stipulated penalties

as follows:

| Days of Failure to Provide Information | Penalty Per Day |
| 1 to 30 days | $500 |
| 31 to 60 days | $1,000 |
| 61 days and beyond | $2,000 |

24.     Stipulated penalties arising under this Section shall begin to accrue on the day

that the violation of this Consent Decree first occurs and shall continue to accrue for each day

until the day upon which the violation is fully corrected. Separate stipulated penalties shall

accrue simultaneously for separate violations of this Decree. Stipulated penalties shall accrue

regardless of whether the United States has notified AES Thames that a violation of this Decree

has occurred.

25.     Stipulated penalties shall become due and owing, and shall be paid by AES

Thames, not later than thirty (30) days after the United States issues AES Thames a written

demand for them. If any demanded stipulated penalties are not paid in full when due, AES

Thames shall pay the unpaid penalties and interest thereon. Such interest shall accrue from the

date the penalties were due and shall be calculated in accordance with 28 U.S.C. § 1961. ·

26.     The United States may, in the unreviewable exercise of its discretion, reduce or

waive stipulated penalties otherwise due it under this Consent Decree.

27.     AES Thames shall pay stipulated penalties owing to the United States in the

manner set forth and with the written notices required by Paragraph 10, except that the

9

transmittal letter shall state that the payment is for stipulated penalties and shall specify the violation(s) for which the penalties are being paid.

28.     Stipulated penalties shall continue to accrue as provided in Paragraph 24 above during any dispute resolution for stipulated penalties, with interest on accrued penalties payable and calculated in accordance with 28 U.S.C. § 1961, but need not be paid until the following:

(a)     If the dispute is resolved by agreement or by a decision of EPA that is not appealed to the Court, AES Thames shall pay accrued penalties determined to be owing, together with interest, to the United States within thirty (30) days of the effective date of the agreement or the receipt of EPA's decision;

(b)     If the dispute is appealed to the Court and the United States prevails in whole or in part, AES Thames shall pay all accrued penalties determined by the Court to be owing, together with interest, within sixty (60) days of receiving the Court's decision or order, except as provided in Subparagraph (c), below;

(c)     If any party appeals the Court's decision, AES Thames shall pay all accrued penalties determined to be owing, together with interest, within fifteen (15) days of receiving the final appellate court decision.

29.     The stipulated penalty provisions of this Section shall be in addition to all other rights reserved by the United States pursuant to Section X below. Nothing in this Section shall be construed as prohibiting, altering, or in any way limiting the ability of the United States to seek other remedies or sanctions available by virtue of any violation by AES Thames of this Consent Decree or of the statutes, regulations, or permits referenced within it.

10

## VIII. FORCE MAJEURE

30.     "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of AES Thames, of any entity controlled by AES Thames, or of AES Thames' contractors, that delays or prevents the performance of any obligation under this Decree despite AES Thames' best efforts to fulfill the obligation. The requirement that AES Thames exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and best efforts to address the effects of any such event (a) as it is occurring and (b) after it has occurred to prevent or minimize any resulting delay to the greatest extent possible. "Force Majeure" does not include AES Thames' financial inability to perform any obligation under this Decree.

31.     If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a force majeure event, AES Thames shall provide notice orally or by electronic or facsimile transmission to EPA, within seventy-two (72) hours of when AES Thames first knew that the event might cause a delay. Within seven (7) Business Days thereafter, AES Thames shall provide in writing to EPA an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; AES Thames' rationale for attributing such delay to a force majeure event if it intends to assert such a claim; and a statement as to whether, in the opinion of AES Thames, such event may cause or contribute to an endangerment to public health, welfare or the environment. AES Thames shall include with any notice all available documentation supporting the claim that the delay was attributable to a force majeure. Failure to comply with the above requirements shall preclude

11

AES Thames from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure. AES Thames shall be deemed to know of any circumstance of which AES Thames, any entity controlled by AES Thames, or AES Thames' contractors knew or should have known.

32.     If EPA agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event will be extended by EPA for such time as is necessary to complete those obligations. An extension of the time for performance of the obligations affected by the force majeure event shall not, of itself, extend the time for performance of any other obligation. EPA will notify AES Thames in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

33.     If EPA does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, EPA will notify AES Thames in writing of its decision.

34.     If AES Thames elects to invoke the dispute resolution procedures set forth in Section IX (Dispute Resolution), it shall do so no later than fifteen (15) days after receipt of EPA's notice. In any such proceeding, AES Thames shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that AES Thames complied with the requirements of Paragraphs 30 and 31, above. If AES Thames carries this burden, the delay at issue shall be deemed not to be a violation by AES Thames of the affected obligation of this Consent Decree identified to EPA and the Court.

12

## IX.  DISPUTE RESOLUTION

35.     Unless otherwise expressly provided for in this Consent Decree, the dispute
resolution procedures of this Section shall be the exclusive mechanism to resolve disputes
arising under or with respect to this Decree. However, such procedures shall not apply to actions
by the United States to enforce obligations of AES Thames that have not been disputed in
accordance with this Section.

36.     Informal Dispute Resolution:  Any dispute subject to dispute resolution
under this Consent Decree shall first be the subject of informal negotiations.  The dispute shall
be considered to have arisen when AES Thames provides written notice to EPA describing the
nature of the dispute and requesting informal negotiations to resolve it.  The period of informal
negotiations shall not exceed twenty (20) days beyond the date that EPA receives AES Thames'
written notice unless EPA and AES Thames agree in writing to a longer period.  If the Parties
cannot resolve a dispute by informal negotiations, then the position advanced by EPA shall be
considered binding unless, within fifteen (15) days after the conclusion of the informal
negotiation period, AES Thames invokes formal dispute resolution procedures as set forth
below.

37.     Formal Dispute Resolution:  AES Thames shall invoke formal dispute resolution
procedures, within the time period provided in the preceding Paragraph (except as provided by
Paragraph 67), by providing written notice to the United States containing a Statement of
Position regarding the matter in dispute.  The Statement of Position shall include, but need not be
limited to, any factual data, analysis, or opinion supporting AES Thames' position and any
supporting documentation relied upon by AES Thames.

13

38.     The United States shall provide written notice containing its Statement of Position to AES Thames within forty-five (45) days of receipt of AES Thames' Statement of Position. The United States' Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documents relied upon by the United States. The United States' Statement of Position shall be binding on AES Thames, unless AES Thames files a motion for judicial review of the dispute in accordance with the following Paragraph.

39.     AES Thames may seek judicial review of the dispute by filing with the Court and serving on the United States, in accordance with Section XI (Notices), a motion requesting judicial resolution of the dispute.  The motion must be filed within ten (10) days of receipt of the United States' Statement of Position pursuant to the preceding Paragraph.  The motion shall contain a written statement of AES Thames' position on the matter in dispute, including any supporting factual data, analysis, opinion or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

40.     The United States shall respond to AES Thames' motion within the time period provided in the local rules of the Court, unless the parties stipulate otherwise.  AES Thames may file a reply memorandum to the extent permitted by the local rules or the parties' stipulation, as applicable.

41.     Standard of Review

a.      Disputes Concerning Matters Accorded Record Review.  Except as otherwise provided in this Consent Decree, in any dispute brought under Paragraph 37 pertaining to the adequacy or appropriateness of plans, procedures to implement plans, schedules or any

14

other items requiring approval by EPA under this Decree; the adequacy of the performance of work undertaken pursuant to this Decree; and all other disputes that are accorded review on the administrative record under applicable principles of administrative law, AES Thames shall have the burden of demonstrating, based on the administrative record, that the position of the United States is arbitrary and capricious or otherwise not in accordance with law.

b. Other Disputes. Except as otherwise provided in this Consent Decree, in any other dispute brought under Paragraph 37, AES Thames shall bear the burden of demonstrating that its position complies with this Decree and better furthers the objectives of the Decree.

42. The invocation of dispute resolution procedures under this Section shall not extend, postpone, or affect any obligation of AES Thames under this Consent Decree not directly in dispute, unless the final resolution of the dispute so dictates. Stipulated penalties with respect to the disputed matter shall continue to accrue from the first day of nonperformance, but payment shall be stayed pending resolution of the dispute as provided in this Section. If AES Thames does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section VII above.

43. The assessment of stipulated penalties pursuant to Paragraph 21 regarding AES Thames' failure to timely pay its civil penalty shall not be subject to dispute resolution under this Section. For such assessments, the United States' determination regarding the lateness of the civil penalty and any stipulated penalties assessed as a result shall be unreviewable and final.

## X. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

44. This Consent Decree resolves the civil claims of the United States for the violations alleged in the Complaint filed in this action through the date of lodging of this Decree.

15

This Decree does not limit any rights or remedies available to the United States for any criminal violations.

45.    Except as expressly provided in this Section, this Consent Decree shall not be construed to prevent or limit the rights of the United States to obtain penalties or injunctive relief under the CAA, CWA, CERCLA, or EPCRA, any regulations or permits issued pursuant to the CAA, CWA, CERCLA, or EPCRA, or any other federal or state laws, regulations, or permits.

46.    In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, other appropriate relief relating to the Plant, AES Thames shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 44 of this Section.

47.    This Consent Decree is not a permit, or a modification of any permit, under any federal, state, or local laws or regulations, and in no way relieves AES Thames of its responsibility to comply with all applicable federal, state, and local permits, laws and regulations. The United States does not, by its consent to the entry of this Decree, warrant or aver in any manner that AES Thames' compliance with any aspect of this Decree will result in compliance with the provisions of the CAA, CWA, CERCLA, or EPCRA, or with any regulations or permits issued thereunder.

48.    This Consent Decree does not limit or affect the rights of AES Thames or of the United States against any third parties not party to this Decree, nor does it limit the rights of third parties not party to this Decree against AES Thames, except as otherwise provided by law.

16

49.    This Consent Decree shall not be construed to create rights in, or grant any cause
of action to, any third party not party to this Decree.

50.    Except as expressly provided in this Consent Decree, the United States reserves
all legal and equitable remedies available to enforce the provisions of the Decree. The United
States further reserves all legal and equitable remedies to address any imminent and substantial
endangerment to the public health, welfare or the environment arising at or posed by AES
Thames' facilities, whether related to the violations addressed in this Decree or otherwise.

## XI.  NOTICES

51.    Unless otherwise specified herein, whenever written notifications, information or
reports are required by this Consent Decree, they shall be sent to the individuals and addresses
specified below:

### As to the United States:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611

Thomas T. Olivier
Senior Enforcement Counsel
Office of Environmental Stewardship
U.S. Environmental Protection Agency, Region 1
5 Post Office Square - Suite 100 (Mail Code OES04-3)
Boston, MA 02109-3912

### As to AES Thames:

AES Thames, LLC
Mr. Bob Price
141 Depot Road
Montville, CT 06382

17

Mark R. Sussman, Esq.
Murtha Cullina LLP
CityPlace I
185 Asylum Street, 29ᵗʰ Floor
Hartford, CT 06103

52.     All reports and other written information required by this Consent Decree to be

sent by AES Thames to the United States shall contain the following certification:

> I certify under penalty of law that this document and all
> attachments were prepared under my direction or supervision in
> accordance with a system designed to assure that qualified
> personnel properly gather and evaluate the information submitted.
> Based on my inquiry of the person or persons who manage the
> system, or those persons directly responsible for gathering the
> information, the information submitted is, to the best of my
> knowledge and belief, true, accurate, and complete. I am aware
> that there are significant penalties for submitting false information,
> including the possibility of fine and imprisonment for knowing
> violations.

53.     AES Thames shall ensure that such certified statement is signed by a responsible

corporate officer, such as a president, vice-president, secretary, treasurer, district manager, senior

manager responsible for environmental policy-making and decision making, or other person

responsible for a principal business function.

54.     Notices made pursuant to this Section shall be deemed provided upon mailing,

unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in

writing.

## XII.  COSTS

55.     Each party shall bear its own costs, disbursements, and attorneys' fees in this

action, and specifically waives any right to recover such costs, disbursements, or attorney's fees

from the other party pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, or other

applicable law. However, the United States shall be entitled to collect its costs, disbursements

18

and attorneys' fees incurred in any action necessary to collect any outstanding penalties due under this Consent Decree or to otherwise enforce the Decree.

## XIII.  MODIFICATION

56.     The terms of this Consent Decree may be modified only by a subsequent written agreement signed by the Parties.  Where the modification constitutes a material change to any term of this Decree, it shall be effective only upon approval by the Court.

57.     Any disputes concerning modification of this Decree shall be resolved pursuant to Section IX, provided, however, that instead of the burden of proof provided by Paragraph 41, the party seeking the modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

## XIV.  INTEGRATION

58.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.  No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

## XV.  SIGNATORIES/SERVICE

59.     Each party certifies that at least one of their undersigned representatives is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such party to this document.

60.     This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.

19

61.     AES Thames agrees to accept service of process by mail with respect to all matters arising under this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable local rules of this Court including, but not limited to, service of a summons. AES Thames agrees that the following agent is authorized to accept the above-described service of process on AES Thames' behalf:

> Mark R. Sussman, Esq.
> Murtha Cullina LLP
> CityPlace 1
> 185 Asylum Street, 29th Floor
> Hartford, CT 06103

AES Thames shall notify the United States as specified in Section XI (Notices) above of any change in the identity or address of AES Thames, its agent for service, or its counsel.

### XVI. PUBLIC PARTICIPATION

62.     This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if, upon consideration of any comments received regarding the Decree, the United States concludes that the Decree is inappropriate, improper, or inadequate. AES Thames consents to entry of the Decree without further notice or proceedings. AES Thames agrees not to withdraw from or oppose the entry of the Decree or to challenge any of the Decree's provisions, unless the United States has notified AES Thames in writing that it no longer supports entry of the Decree.

63.     If, for any reason, this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party, and the terms of the agreement may not be used as evidence in any litigation between the parties.

20

## XVII.   EFFECTIVE DATE

64.    This Consent Decree shall be effective upon the date ("Effective Date") of its entry by the Court or a motion to enter the Decree is granted, whichever occurs first, as recorded on the Court's docket.

## XVIII.   TERMINATION

65.    This Consent Decree shall terminate one (1) year after the Decree's Effective Date, as long as AES Thames has (a) paid the civil penalty and any stipulated penalties and interest required by this Decree; and (b) submitted to EPA the Final Report required by Paragraph 14 of this Decree. On or after one (1) year following the Effective Date of the Decree, AES may provide notice to the United States that the conditions for termination of this Decree have been satisfied. Such notification shall include any necessary supporting documentation.

66.    Following receipt by the United States of AES Thames' notification of termination, the Parties shall confer informally concerning the notification and any disagreement that the Parties may have as to whether AES Thames has satisfactorily complied with the requirements for termination of this Consent Decree. If the United States agrees that the Decree should be terminated, the parties shall submit, for the Court's approval, a joint stipulation terminating the Decree.

67.    If the United States does not agree that the Consent Decree may be terminated, AES Thames may invoke dispute resolution under Section IX above. However, AES Thames shall not seek such dispute resolution until sixty (60) days after service of its request for termination.

21

## XIX. RETENTION OF JURISDICTION

68.     The Court shall retain jurisdiction over this case until termination of this Consent

Decree, for the purpose of resolving disputes arising under this Decree or entering orders

modifying this Decree, or effectuating or enforcing compliance with the terms of this Decree.

## XX. FINAL JUDGMENT

69.     Upon approval and entry of this Consent Decree by the Court, this Decree shall

constitute a final judgment of the Court as to the United States and AES Thames.

Judgment is hereby entered in accordance with the foregoing Consent Decree this  29

day of  July  2010.
                                    2009.

                        /s/ Robert N. Chatigny, USDJ
                    UNITED STATES DISTRICT JUDGE

22

<u>UNITED STATES V. AES THAMES, LLC</u>
**CONSENT DECREE**

FOR PLAINTIFF UNITED STATES OF AMERICA:

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

By:

_____          _____
ELLEN M. MAHAN                                              Date
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611

_____          **2/24/2010**
KEITH T. TASHIMA                                           Date
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
(202) 616-9643
keith.tashima@usdoj.gov

23

**UNITED STATES V. AES THAMES, LLC**
**CONSENT DECREE**

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY:


_Susan Studlien_                          01/21/10
SUSAN STUDLIEN                            Date
Director
Office of Environmental Stewardship
U.S. Environmental Protection Agency, Region 1
5 Post Office Square - Suite 100 (Mail Code OES04-5)
Boston, MA 02109-3912


_Thomas T. Olivier_                       1/8/10
THOMAS T. OLIVIER                         Date
Senior Enforcement Counsel
Office of Environmental Stewardship
U.S. Environmental Protection Agency, Region 1
5 Post Office Square - Suite 100 (Mail Code OES04-3)
Boston, MA 02109-3912

24

UNITED STATES V. AES THAMES, LLC
CONSENT DECREE

FOR DEFENDANT AES THAMES, LLC

_____          ___12/3/09___
BOB PRICE                                 Date
President
AES Thames, LLC


_____          ___12/4/09___
MARK R. SUSSMAN, ESQ.                     Date
Murtha Cullina LLP
CityPlace I
185 Asylum Street, 29ᵗʰ Floor
Hartford, CT 06103
msussman@murthalaw.com

25